IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE ESTATE OF WILLIAM HARRISON )
VAUGHN, JR., et al., )
 )
            Plaintiffs, )
 )
vs. )          Case No. 04-4083-JAR
 )
TED ENSLEY, et al., )
 )
            Defendants. )

## ORDER

Pursuant to Fed. R. Civ. P. 15(a), this case comes before the court on the motion of plaintiffs for leave to amend **(doc. 34)** their complaint to add Donavin Rhone as a named defendant.   The existing defendants have responded to plaintiffs' motion (doc. 42).  The court deems that a reply will not aid in its ruling on the instant motion.

Plaintiffs filed this case on July 13, 2004, alleging violation of William Harrison Vaughn, Jr.'s rights under the Eighth and Fourteenth Amendments to the United States Constitution, i.e., it is contended that defendants were deliberately indifferent to Mr. Vaughn's suicidal condition. Plaintiffs also asserted state law claims based upon negligence, i.e., a survival claim by the Estate for conscious pain and suffering under K.S.A. § 60-1801, and a wrongful death claim by the survivor under K.S.A. § 60-1901 et seq.

On September 30, 2004, the court held the scheduling conference and, after consulting with counsel, established January 7, 2005, as the deadline for the parties to file any motions to join additional parties or otherwise amend the pleadings.  Plaintiffs did not file the instant

motion until June 3, 2005, nearly five months after the deadline expired, after the close of all discovery, and after the final pretrial conference.  Defendants object to the proposed amendment as untimely and prejudicial.

Fed. R. Civ. P. 15(a) provides that leave to amend shall "be freely given when justice so requires."  The trial court may deny leave to amend based on factors of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party or futility of amendment.[1]  Because plaintiffs' motion was filed out of time, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a) in conjunction with the good cause standard of Fed. R. Civ. P. 16(b).

Courts in this jurisdiction consistently have held that, when considering a motion to amend filed after the date established in a scheduling order, the court must determine whether "good cause" within the meaning of Rule 16(b) has been sufficiently demonstrated to justify allowing the untimely motion[2] <u>and</u> if the Fed. R. Civ. P. 15(a) standards have been satisfied.

<u>Good Cause</u>

Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a

---

[1] *Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).

[2] *See, e.g., Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (applying this two-part inquiry)(citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990)); *Denmon v. Runyan*, 151 F.R.D. 404, 407 (D. Kan. 1993)(same).

magistrate judge." The party seeking to extend a scheduling order deadline must establish good cause by proving that the deadline could not have been met with diligence.[3]

Plaintiffs assert that they did not determine that Donavin Rhone's involvement in the October 3, 2003 incident which gave rise to this action warranted him being named as a party defendant until his deposition which was taken by plaintiffs on May 10, 2005. The court finds this explanation wholly inadequate to satisfy the Rule 16(b) "good cause" standard. It is undisputed that, on November 15, 2004, defendants served plaintiffs with their initial disclosures and identified Donavin Rhone as possessing information and knowledge regarding the death of Mr. Vaughn. Defendants claim that discovery requests served on plaintiffs disclosed that Donavin Rhone was disciplined as a result of certain actions taken on or about October 3, 2003, in S module. From the evidence before the court, it appears abundantly clear that, had plaintiffs' counsel simply made further inquiry regarding Donavin Rhone's involvement in the October 3, 2003 incident, the proposed claims could have been explored and Donavin Rhone could have been added as a party defendant in a timely manner.

The court finds that plaintiff has failed to demonstrate good cause to warrant leave to amend at this very belated date. As earlier indicated, discovery has closed. The final pretrial order is ready to be entered, and dispositive motions must be filed by July 13, 2005.

---

[3] *Denmon*, 151 F.R.D. at 407 (holding the plaintiff failed to demonstrate the required "good cause" to justify allowing an untimely motion to amend)(citing *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991); and Fed. R. Civ. P. 16 advisory committee's notes to the 1983 amendments).

Based on the court's ruling regarding the untimely nature of the instant motion, the court need not consider defendants' argument regarding undue prejudice.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.      Plaintiffs' motion to amend **(doc. 34)** is denied.[4]

2.      Copies of this order shall be served on all counsel of record.

Dated this 22nd day of June, 2005, at Kansas City, Kansas.


                                    s/ James P. O'Hara
                                    James P. O'Hara
                                    U.S. Magistrate Judge

---

[4] However, if plaintiff files a separate case against Donavin Rhone, consolidation of the cases <u>may</u> be considered by the court upon the filing of an appropriate motion.